IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAETEC COMMUNICATIONS, INC. ) | |
| One PAETEC Plaza ) | |
| 600 Willowbrook Office Park ) | |
| Fairport, New York ) | |
| (585) 340-2500 ) | |
| ) | |
| PAETEC COMMUNICATIONS OF ) | |
| VIRGINIA, INC. ) | |
| One PAETEC Plaza ) | |
| 600 Willowbrook Office Park ) | |
| Fairport, New York ) | CIVIL ACTION NO. |
| 585) 340-2500 ) | |
| ) | |
| US LEC COMMUNICATIONS  INC. ) | |
| d/b/a PAETEC Business Services ) | |
| One PAETEC Plaza ) | |
| 600 Willowbrook Office Park ) | |
| Fairport, New York ) | |
| (585) 340-2500) ) | |
| ) | |
| US LEC OF PENNSYLVANIA  INC. ) | |
| d/b/a PAETEC Business Services ) | |
| One PAETEC Plaza ) | |
| 600 Willowbrook Office Park ) | |
| Fairport, New York ) | |
| (585) 340-2500 ) | |
| ) | |
| US LEC OF VIRGINIA LLC ) | |
| d/b/a PAETEC Business Services ) | |
| One PAETEC Plaza ) | |
| 600 Willowbrook Office Park ) | |
| Fairport, New York ) | |
| (585) 340-2500 ) | |
| ) | |
| US LEC OF MARYLAND LLC ) | |
| d/b/a PAETEC Business Services ) | |
| One PAETEC Plaza ) | |
| 600 Willowbrook Office Park ) | |
| Fairport, New York ) | |
| (585) 340-2500 ) | |

1

| | |
|---|---|
| US LEC OF ALABAMA LLC | ) |
| d/b/a PAETEC Business Services | ) |
| One PAETEC Plaza | ) |
| 600 Willowbrook Office Park | ) |
| Fairport, New York | ) |
| (585) 340-2500) | ) |
| | ) |
| US LEC OF FLORIDA LLC | ) |
| d/b/a PAETEC Business Services | ) |
| One PAETEC Plaza | ) |
| 600 Willowbrook Office Park | ) |
| Fairport, New York | ) |
| (585) 340-2500) | ) |
| | ) |
| US LEC OF GEORGIA LLC | ) |
| d/b/a PAETEC Business Services | ) |
| One PAETEC Plaza | ) |
| 600 Willowbrook Office Park | ) |
| Fairport, New York | ) |
| (585) 340-2500) | ) |
| | ) |
| US LEC OF NORTH CAROLINA  INC. | ) |
| d/b/a PAETEC Business Services | ) |
| One PAETEC Plaza | ) |
| 600 Willowbrook Office Park | ) |
| Fairport, New York | ) |
| (585) 340-2500) | ) |
| | ) |
| US LEC OF SOUTH CAROLINA  INC. | ) |
| d/b/a PAETEC Business Services | ) |
| One PAETEC Plaza | ) |
| 600 Willowbrook Office Park | ) |
| Fairport, New York | ) |
| (585) 340-2500) | ) |
| | ) |
| US LEC OF TENNESSEE  INC. | ) |
| d/b/a PAETEC Business Services | ) |
| One PAETEC Plaza | ) |
| 600 Willowbrook Office Park Columbia | ) |
| Fairport, New York | ) |
| (585) 340-2500) | ) |
| Plaintiffs, | ) |
| | ) |

|                          |   |
|---|---|
| VS. | ) |
|  | ) |
| AT&T CORP. | ) |
| One AT&T Way | ) |
| Bedminster, New Jersey 07921 | ) |
| (908) | ) |
| Defendant___ | ) |

## COMPLAINT

Plaintiffs PAETEC Communications, Inc., PAETEC Communications, Inc. of Virginia, US LEC Communications Inc. d/b/a PAETEC Business Services, US LEC of Pennsylvania Inc. d/b/a PAETEC Business Services, US LEC of Virginia LLC d/b/a PAETEC Business Services, US LEC of Maryland LLC d/b/a PAETEC Business Services, US LEC of Alabama LLC d/b/a PAETEC Business Services, US LEC of Florida LLC d/b/a PAETEC Business Services, US LEC of Georgia LLC d/b/a PAETEC Business Services,  US LEC of North Carolina Inc. d/b/a PAETEC Business Services, US LEC of South Carolina Inc. d/b/a PAETEC Business Services, and US LEC of Tennessee Inc. d/b/a PAETEC Business Services, (collectively and individually referred to as "PAETEC"), by and through their attorney Jeffrey J. Binder, Esquire, The Watergate, 2510 Virginia Avenue, N.W., Washington, D.C. 20037, (202) 965-0199, hereby file this complaint against Defendant AT&T Corp. ("AT&T"). In support of this Complaint, PAETEC states as follows:

## NATURE OF THE ACTION

1. This case involves AT&T's failure to pay legally required charges for its use of PAETEC's local network facilities to complete long distance calls. Whenever one of AT&T's customers makes a long–distance call to one of PAETEC's local telephone customers, AT&T uses PAETEC's facilities to complete, or "terminate", the AT&T long-

3

distance call to the called party. Pursuant to PAETEC's federal and state tariffs on file with the Federal Communications Commission ("FCC") and the applicable state regulatory commissions, AT&T is required to pay PAETEC the filed rate for "terminating" access to PAETEC's local exchange facilities. AT&T has failed to pay PAETEC the filed rates in the tariffs.

## PARTIES

2. Plaintiff PAETEC Communications, Inc. ("PAETEC") is a corporation organized under the laws of the state of Delaware with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York and is engaged in the business of providing telecommunications services in, among other places, the District of Columbia.

3. Plaintiff PAETEC Communications of Virginia, Inc. ("PAETEC") is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York and is engaged in the business of providing telecommunications services in the Commonwealth of Virginia.

4. Plaintiff US LEC Communications Inc. d/b/a PAETEC Business Services ("PAETEC") is a corporation organized under the laws of the state of North Carolina with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York and is engaged in the business of providing telecommunications services in, among other places, the states of New York and Indiana.

5. Plaintiff US LEC of Pennsylvania Inc. d/b/a PAETEC Business Services ("PAETEC") is a corporation organized under the laws of the state of North Carolina

with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York and is engaged in the business of providing telecommunications services in the states of New Jersey, Delaware, and Pennsylvania.

6. Plaintiff US LEC of Virginia LLC d/b/a PAETEC Business Services ("PAETEC") is a limited liability company organized under the laws of Delaware with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York and is engaged in the business of providing telecommunications services in the District of Columbia and Virginia.

7. Plaintiff US LEC of Maryland LLC d/b/a PAETEC Business Services ("PAETEC") is a limited liability company organized under the laws of the North Carolina with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York and is engaged in the business of providing telecommunications services in Maryland.

8. Plaintiff US LEC of Alabama LLC d/b/a PAETEC Business Services ("PAETEC") is a limited liability company organized under the laws of the state of North Carolina with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York and is engaged in the business of providing telecommunications services in Alabama.

9. Plaintiff US LEC of Florida LLC d/b/a PAETEC Business Services ("PAETEC") is a limited liability company organized under the laws of the state of North Carolina with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York and is engaged in the business of providing telecommunications services in Florida.

10. Plaintiff US LEC of Georgia LLC d/b/a PAETEC Business Services ("PAETEC") is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York and is engaged in the business of providing telecommunications services in Georgia.

11. Plaintiff US LEC of North Carolina Inc. d/b/a PAETEC Business Services ("PAETEC") is a corporation organized under the laws of the state of Delaware with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York and is engaged in the business of providing telecommunications services in North Carolina.

12. Plaintiff US LEC of South Carolina Inc. d/b/a PAETEC Business Services ("PAETEC") is a corporation organized under the laws of the state of Delaware with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York and is engaged in the business of providing telecommunications services in South Carolina.

13. Plaintiff US LEC of Tennessee Inc. d/b/a PAETEC Business Services ("PAETEC") is a corporation organized under the laws of the state of Delaware with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York and is engaged in the business of providing telecommunications services in Tennessee, Mississippi, and Louisiana.

14. All of the PAETEC entities are indirect wholly-owned subsidiaries of PAETEC Holding Corp., a publicly held corporation organized under the laws of the state of Delaware with its principal place of business located at One PAETEC Plaza, 600

Willowbrook Office Park, Fairport, New York. Prior to a corporate merger that closed on February 28, 2007, the entities described in paragraphs 4 through 13 were owned by a publicly held Delaware corporation, US LEC Corp., that was unaffiliated with PAETEC.

15.     Defendant AT&T Corp. is a corporation organized under the laws of the state of New York and has its principal place of business in Bedminster, New Jersey. AT&T Corp. is engaged in the business of providing interstate and intrastate telecommunications and telecommunications related services in the District of Columbia and other states.

## JURISDICTION AND VENUE

16.     This court has subject matter jurisdiction herein pursuant to 28 U.S.C. §§ 1331 and 1337 because this case arises out of federal law, the Communications Act of 1934, as amended, 47 U.S.C. § 151 *et seq.*, and federal tariffs filed with the Federal Communications Commission.

17.     This court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367.

18.     This court has personal jurisdiction over AT&T because AT&T is engaged in the systematic and continuous conduct of business in the District of Columbia. AT&T provides telecommunications and telecommunications related services in the District of Columbia. AT&T's conduct in connection with the District of Columbia required it reasonably to anticipate that it would be subject to the jurisdiction of the courts in the District of Columbia.

19.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 in that the Defendant AT&T is found in and transacts business in this judicial district and a

7

substantial part of the events or omissions giving rise to the claim occurred within this district.

## FACTS COMMON TO ALL CLAIMS

20. PAETEC is engaged in the business of providing telecommunications services and telecommunications related services. These services include, but are not limited to, interstate and intrastate exchange access.

21. At all times relevant to this action, AT&T has engaged in providing telecommunications services and telecommunications related services for which AT&T has utilized PAETEC's interstate and intrastate exchange access services.

22. From on or about April 1, 2007 to the present, PAETEC provided and continues to provide to AT&T various telecommunications services including, but not limited to, interstate and intrastate access services pursuant to applicable federal and state tariffs.

23. PAETEC invoiced and continues to invoice AT&T monthly for such services purchased by AT&T.

24. PAETEC's charges for the services have been and continue to be in compliance with all applicable tariffs.

25. Despite receiving notice of their delinquency, AT&T failed to pay the amounts owing. These amounts owed to PAETEC exceed five hundred thousand dollars ($500,000). In addition, AT&T owes PAETEC late payment fees calculated at 1.5% per month per the applicable tariffs.

26. Pursuant to the terms of the applicable tariffs, AT&T is responsible for any fees or expenses, including attorneys' fees, in collecting or attempting to collect, any charges owed in accordance with the tariffs.

27.     Prior to April 2007, the PAETEC entities described in paragraphs 2 and 3 herein, provided exchange access services to AT&T pursuant to a Settlement and Switched Access Agreement ("Terminated Agreement One") which became effective on April 1, 2000.

28.     Section B.1, Contract Period, of Terminated Agreement One states:

> This *Agreement* will go into effect on the Effective Date and ***will continue*** in effect ***until terminated*** in accordance with this Agreement. ***Either party may terminate*** this Agreement: (***a***) ***at any time after the date that is five (5) years following the Effective Date upon sixty (60) days' written notice to the other party;*** or (b) if the other party fails to cure a material breach within sixty (60) days after written notice thereof. (Emphasis added)

29.     Page 1 of Terminated Agreement One states "Effective Date: As of April 1, 2000."

30.     By letter dated January 5, 2007, PAETEC gave written notice of its intent to terminate Terminated Agreement One and stated in pertinent part:

> In accordance with Section B.1 of the Agreement, ***this letter is formal notice*** that ***PAETEC intends to terminate*** the *Agreement* in its entirety, including all subsequent and related letters of understanding or agreement, ***effective March 31, 2007***. The rates, terms and conditions of ***PAETEC's interstate and intrastate exchange access tariffs will apply to*** services provided ***ATT hereafter***. (Emphasis added)

9

31. On or after March 31, 2007, PAETEC, through the entities described in paragraphs 2 and 3 of this Complaint, provided and continues to provide exchange access services to AT&T. AT&T has failed to pay and continues to fail to pay PAETEC for these services pursuant to the rates filed in PAETEC'S interstate and intrastate exchange access tariffs.

32. Prior to July 2007, the PAETEC entities described in paragraphs 4 through 13 of this Complaint provided exchange access services to AT&T pursuant to a Switched Access Agreement ("Terminated Agreement Two") which became effective on March 14, 2002.

33. Section 1. Contract Period, of Terminated Agreement Two states:

> This *Agreement* with respect to Switched Access Services after the Effective Date will go into effect on the Effective Date and *will continue* in effect *until terminated* in accordance with this Agreement. *Either party may terminate* this Agreement: (*a) at any time after the date that is four (4) years following the Effective Date upon sixty (60) days' written notice to the other party;* or (b) if the other party fails to cure a material breach within sixty (60) days after written notice thereof. (Emphasis added)

34. Page 1 of Terminated Agreement Two states "Effective Date: March 14, 2002."

35. By letter dated April 30, 2007, PAETEC gave written notice of its intent to terminate Terminated Agreement Two and stated in pertinent part:

> In accordance with Section 1 and 15 of the Agreement, *this letter is formal notice* that *US LEC [PAETEC] intends to terminate* the

>  *Agreement* in its entirety *effective June 30, 2007*. After that date, the rates, terms and conditions of ***PAETEC Communications, Inc.'s intrastate exchange access tariff and the relevant US LEC operating company intrastate exchange access tariffs will apply to*** services provided to ***ATT.*** (Emphasis added)

36.  On or after June 30, 2007, PAETEC, through the entities described in paragraphs 4 through 13 of this Complaint, provided and continues to provide the exchange access services to AT&T. AT&T has failed to pay and continues to fail to pay PAETEC for these access services pursuant to the filed rates in PAETEC'S interstate and intrastate exchange access tariffs.

37.  PAETEC reserves the right to amend its claims to include any additional charges that may be owed by AT&T and such attorneys' fees, costs, expenses and interest as may be allowed by law.

## COUNT I

### Breach of Tariffs

38.  The allegations set forth in paragraphs 1 through 37 above are incorporated herein by reference.

39.  PAETEC filed various tariffs with the Federal Communications Commission and the Public Service Commission of the District of Columbia and other state commissions including, but not limited to, Maryland, Pennsylvania, Delaware, Virginia, New Jersey, Connecticut, Massachusetts, New Hampshire, New York, Rhode Island, Florida, Georgia, North Carolina, South Carolina, Tennessee, Louisiana, and Indiana.

11

40. The tariffs describe the rates and services offered by PAETEC to their customers and contain rules and regulations pursuant to which such telecommunications services are rendered.

41. By using the exchange access services provided by PAETEC, AT&T undertook and assumed an obligation to make all payments due to PAETEC in accordance with the terms of the tariffs.

42. AT&T is in breach of the tariffs because AT&T has failed to pay for services provided it by PAETEC in accordance with the tariffs.

43. As a direct and proximate result of AT&T's breach of these tariffs, PAETEC has suffered significant monetary damages exceeding five hundred thousand dollars ($500,000). In addition, AT&T owes PAETEC late payment fees calculated at 1.5% per month per the applicable agreements and tariffs.

WHEREFORE, PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC against AT&T for damages, plus an award of attorneys' fees, costs, expenses and prejudgment interest and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

## COUNT II

### Alternative Claim for Quantum Meruit

44. The allegations set forth in paragraphs 1 through 43 are incorporated herein by reference.

45. In the alternative, it is averred that PAETEC, at AT&T's request, and with AT&T's knowledge, acquiescence and acceptance, provided to AT&T exchange access services.

46. In the course of providing such services, PAETEC necessarily incurred various costs, and charges for labor, for use of its equipment and facilities and for other expenses.

47. AT&T has refused, despite demand, to pay the fair value for the services furnished, although payment is past due.

WHEREFORE, PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC against AT&T for damages, plus an award of attorneys' fees, costs, expenses and prejudgment interest and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

### COUNT III

### Alternative Claim for Unjust Enrichment

48. The allegations set forth in paragraphs 1 through 47 above are incorporated herein by reference.

49. AT&T obtained from PAETEC exchange access services. AT&T received the benefits of those services and failed to make proper payment or restitution to PAETEC for the services and benefits received.

50. AT&T has been unjustly enriched at the expense of PAETEC.

51. AT&T's actions constitute an unjust retention of benefit owed to PAETEC, which is contrary to the principles of equity and justice.

WHEREFORE, PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC against AT&T for damages, plus an award of attorneys' fees, costs, expenses and prejudgment interest and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

14

    Respectfully submitted,

      /s/ Jeffrey J. Binder

    Jeffrey J. Binder, Esq.
    D.C. Bar #475821
    The Watergate
    Suite 1107 North
    2510 Virginia Avenue, N.W.
    Washington, D.C. 20037
    j.j.binder@verizon.net

    Attorney for:
    PAETEC Communications, Inc.
    PAETEC Communications of
    Virginia, Inc.
    US LEC Communications, Inc
    US LEC of Pennsylvania Inc.
    US LEC of Virginia, LLC
    US LEC of Maryland LLC
    US LEC of Alabama LLC
    US LEC of Florida LLC
    US LEC of Georgia LLC
    US LEC of North Carolina Inc.
    US LEC of South Carolina Inc.
    US LEC of Tennessee Inc.

Dated this 15th day of January, 2008

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

## DEFENDANTS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1  U.S. Government Plaintiff
- 2  U.S. Government Defendant
- 3  Federal Question (U.S. Government Not a Party)
- 4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*

151 Medicare Act

**Social Security:**
861 HIA ((1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
**Other Statutes**
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*    OR    F. *Pro Se General Civil*

**Real Property**
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**Personal Property**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

**Property Rights**
820 Copyrights
830 Patent
840 Trademark

**Federal Tax Suits**
870 Taxes (US plaintiff or defendant
871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
610 Agriculture
620 Other Food &Drug
625 Drug Related Seizure of Property 21 USC 881
630 Liquor Laws
640 RR & Truck
650 Airline Regs
660 Occupational Safety/Health
690 Other

**Other Statutes**
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc.
460 Deportation

470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
490 Cable/Satellite TV
810 Selective Service
850 Securities/Commodities/ Exchange
875 Customer Challenge 12 USC 3410
900 Appeal of fee determination under equal access to Justice
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| **530 Habeas Corpus-General** **510 Motion/Vacate Sentence** | **442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)** *(If pro se, select this deck)* | **895 Freedom of Information Act** **890 Other Statutory Actions (if Privacy Act)** *(If pro se, select this deck)* | **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| **710 Fair Labor Standards Act** **720 Labor/Mgmt. Relations** **730 Labor/Mgmt. Reporting & Disclosure Act** **740 Labor Railway Act** **790 Other Labor Litigation** **791 Empl. Ret. Inc. Security Act** | **441 Voting (if not Voting Rights Act)** **443 Housing/Accommodations** **444 Welfare** **440 Other Civil Rights** **445 American w/Disabilities-Employment** **446 Americans w/Disabilities-Other** | **110 Insurance** **120 Marine** **130 Miller Act** **140 Negotiable Instrument** **150 Recovery of Overpayment & Enforcement of Judgment** **153 Recovery of Overpayment of Veteran's Benefits** **160 Stockholder's Suits** **190 Other Contracts** **195 Contract Product Liability** **196 Franchise** | **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

- 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multi district Litigation
- 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $** **JURY DEMAND:** | Check YES only if demanded in complaint **YES**   **NO** |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See instruction) | **YES**   **NO** | If yes, please complete related case form. |

**DATE**              **SIGNATURE OF ATTORNEY OF RECORD**

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

- **I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

- **III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

- **IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

- **VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

- **VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.